UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS, | ) | CASE NO 5:15CV586 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| DONALD MORGAN, WARDEN, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |
| | ) | |

McHARGH, MAG. JUDGE

     This 28 U.S.C. § 2254 petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). Before the Court is the petition of Robert Davis ("Davis" or "Petitioner") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Davis*, Case No. CR-2012-01-0289 B (Summit County Sept. 18, 2012). (Doc. 7-1, Ex. 1.) For the following reasons, the magistrate judge recommends that the petition be DENIED.

     Davis has filed a petition for a writ of habeas corpus, arising out of his 2012 convictions for murder and aggravated robbery in the Summit County (Ohio) Court of Common Pleas. In his petition, Davis raises the following three grounds for relief:

1

1. Jury's verdict of guilty of Aggravated Robbery was improper because same jury found that Petitioner had no firearm, nor did he have firearm under his control, to facilitate an Agg[ravated] Robbery.

2. Because Petitioner was improperly found guilty of Aggravated Robbery, his conviction of Felony Murder was improper because the predicate offense failed to exist.

3. Ohio Courts [*sic*] erred in affirming the Petitioner's convictions and denying his Motion for Criminal Rule 29 [A]cquittal. Furthermore, Petitioner's convictions were against the manifest weight of the evidence.

(Doc. 1 at 5, 7, 8.)

The respondent, Warden Donald Morgan ("Respondent"), has filed a return of writ. (Doc. 7.) Davis has filed an answer/traverse. (Doc. 9.) And Respondent has filed a reply. (Doc. 10.)

## I. INTRODUCTION

The Ohio Court of Appeals, in reviewing Davis' convictions on direct appeal, provided the following factual account of Davis' crimes:

> {¶ 2} On the afternoon of January 10, 2012, a group of friends were gathered on Davis' porch on Princeton Street. Among this group were Davis, DeMarcus Williams, and Rasheem Carr. Williams, in need of cash, decided to rob Marcus Minter because he knew Minter always had money on him. Williams discussed the plan with Davis and Carr. According to Williams, the plan was that he and Carr would rob Minter and then Davis would drive them to Williams' aunt's house. As part of the plan, Williams testified that Carr parked his mother's Buick Rendezvous in an alley behind Davis' house and gave Davis the keys.

> {¶ 3} Down the street from Davis' house, Minter was sitting in Philip Anderson's car with Alexander Wells. Anderson was in the driver's seat, Minter was in the front passenger's seat, and Wells was sitting behind Minter. Williams and Carr approached with their guns drawn. According to Williams, as he was robbing Minter, Carr fatally shot

2

Anderson. Williams and Minter ran. Davis was waiting for Williams in the Buick Rendezvous and drove him to Williams' aunt's house. Williams testified that Davis then went back and picked up Carr. When they returned, the three of them divided up the proceeds from the robbery.

*State v. Davis*, No. 26660, 2013-Ohio-5226, 2013 WL 6212230, at *1 (Ohio Ct. App. Nov. 27, 2013). (Doc. 7-1, Ex. 2 at 5-6.)

## II. PROCEDURAL BACKGROUND

### A. Indictment and Conviction

On February 14, 2012, the Summit County Grand Jury issued an indictment charging Davis with one count of felony murder; one count of complicity to commit murder; one count of aggravated robbery; and one count of complicity to commit aggravated robbery. (Doc. 7-1, Ex. 3.) Each count included a firearm specification. (*Id.*)

On April 2, 2012, the State filed a supplement to the indictment and charged Davis with additional counts of felony murder, aggravated robbery, and having weapons while under a disability. (Doc. 7-1, Ex. 4.) The murder and aggravated robbery charges included firearm specifications. (*Id.*)

On April 18, 2012, the State filed another supplement to the indictment and charged David with one count of felony aggravated murder with a firearm specification. (Doc. 7-1, Ex. 5.)

Davis entered a plea of not guilty to all charges and specifications. (Doc. 7-1, Ex. 6.)

3

Prior to trial, at the State's request, the trial court dismissed one of the murder charges and firearm specification, the complicity to commit murder charge and firearm specification, one of the aggravated robbery charges and firearm specification, and the complicity to commit aggravated murder and firearm specification. (Doc. 7-1, Ex. 7.)

A jury trial commenced on August 8, 2012. (*Id.*) On August 20, 2012, the jury found Davis guilty of felony murder and aggravated robbery, and not guilty of having weapons under disability and the firearm specifications. (*Id.*) On August 31, 2012, the trial court sentenced Davis. It merged Davis' murder and aggravated robbery convictions for sentencing purposes, and the State elected to have the trial court sentence Davis on the murder conviction. (Doc. 7-1, Ex. 1.) The court sentenced Davis to a prison term of fifteen years to life and the costs of prosecution. (*Id.*)

## B. Direct Appeal

On October 15, 2012, Davis, through new counsel, filed a timely notice of appeal with the Ninth District Court of Appeals. (Doc. 7-1, Ex. 8.) In his appellate brief, he raised the following assignments of error, again through new counsel:

    1.    Although the jury found the Appellant guilty of aggravated robbery per 2903.11(A)(1), because said jury found that the Appellant did not have a firearm on or about his person or under his control, and did not either display, brandish, indicate that he possess[ed] a firearm or did not use it to facilitate said aggravated robbery, the finding of guilt was erronious [*sic*] due to an inconsistent verdict form. Because no objection was made by trial counsel and the failure to recognize and to object to

>       inconsistent verdict form and convictions affects the Appellant's substantial rights, plain error should apply.
>
>   2.  Because the Appellant was improperly found guilty of aggravated robbery as indicated in assignment of error two, this court must too reverse his conviction of felony murder because in order for the Appellant to be found guilty of felony murder, his conviction of aggravated robbery, the underlying predicate offense, must stand.
>
>   3.  The court erred by denying the Appellant's motion for Rule 29 motion for acquittal and the verdict was against the manifest weight of the evidence.
>
>   4.  The Appellant's trial counsel was ineffective because said counsel did not file a motion to sever the Appellant's trial from the co-defendant's trial per Crim[inal] [Rule] 14, and failing to offer a continuing motion for severance due the prejudice that it invoked up [sic] the Appellant who should have had his case tried separately from the co-defendant, said error is plain error and requires reversal.

(Doc. 7-1, Ex. 10 at 39-40.)

On November 27, 2013, the state appellate court overruled Davis' assignments of error and affirmed the trial court judgment. *Davis*, 2013 WL 6212230, at *8. (Doc. 7-1, Ex. 2.)

Davis, through counsel, filed a timely notice of appeal in the Ohio Supreme Court on January 13, 2014. (Doc. 7-1, Ex. 12.) In his memorandum in support of jurisdiction, Davis asserted the following propositions of law:

>   1.  The Ninth District erred in denying the Appellant's first assignment of error which argued that the jury's verdict of guilty of aggravated robbery per 2903.11(A)(1), was improper because said jury found that the Appellant did not have a firearm on or about his person or under his control, and did not either display, brandish, indicate that he possess[ed] a firearm or did not use it to facilitate said aggravated robbery, wherefore, the finding of guilty was erronious [sic] due to an inconsistent verdict form.

5

    2.    Because the Appellant was improperly found guilty of aggravated robbery per the arguments in proposition of law one, his conviction for felony murder must also be vacated because the predicate offense of aggravated robbery, if reversed, would no longer qualify as the necessary predicate offense to the felony murder conviction.

    3.    The Ninth District Court of Appeals erred in affirming the trial court's denial of the Appellant's motion for Rule 29 motion for acquittal; furthermore, the Appellant's conviction is against the manifest weight of the evidence.

(Doc. 7-1. Ex. 13 at 105.)

The Ohio Supreme Court denied jurisdiction on March 26, 2014. (Doc. 7-1, Ex. 15.)

### E.    Federal Habeas Corpus Petition

Davis, again through new counsel, filed a petition for writ of habeas corpus in this Court on March 25, 2015. (Doc. 1.) He raises the following three grounds for relief:

    1.    Jury's verdict of guilty of Aggravated Robbery was improper because same jury found that Petitioner had no firearm, nor did he have firearm under his control, to facilitate an Agg[ravated] Robbery.

            Supporting Grounds: The evidence was clear and the jury determined that the Petitioner did not have a firearm, did not brandish a firearm, did not have a firearm under his control. The evidence further showed that Petitioner did not use said firearm to facilitate an Agg[ravated] Robbery. The verdicts are inconsistent between the Aggravated Robbery and the Gun Specification which he was found not guilty of. Furthermore, the Petitioner was found not guilty of Having Weapons While Under Disability.

    2.    Because Petitioner was improperly found guilty of Aggravated Robbery, his conviction of Felony Murder was improper because the predicate offense failed to exist.

6

>    <u>Supporting Grounds</u>: The evidence was clear that Petitioner failed to possess a firearm and was not guilty of Aggravated Robbery. There was no evidence that he participated in an Aggravated Robbery. Per Ground One, the Petitioner's conviction of Felony Murder can no longer stand because the predicate offense conviction was improper.
>
> 3. Ohio [c]ourts erred in affirming the Petitioner's convictions and denying his Motion for Criminal Rule 29 [A]cquittal. Furthermore, Petitioner's convictions were against the manifest weight of the evidence.
>
>    <u>Supporting Grounds</u>: As stated in Grounds One and Two, there was no evidence that Petitioner participated in an Aggravated Robbery. Furthermore, the jury found that he had not possessed, brandished, displayed, or used a firearm in commission of an Aggravated Robbery and Felony Murder. There was insufficient evidence presented during trial to sustain these convictions and the convictions were against the weight of the evidence.

(Doc. 1 at 5, 7, 8.)

Respondent filed a return of writ on July 10, 2015. (Doc. 7.) Davis filed his traverse on October 12, 2015. (Doc. 9.) Respondent filed a reply on October 27, 2015. (Doc. 10.)

## III.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

>    Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a

7

> decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002). *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

### IV. PROCEDURAL DEFAULT

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through

8

the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman,* 501 U.S. at 731; *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams v. Bradshaw*, 484 F. Supp. 2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

Respondent contends that each of Davis' claims is procedurally defaulted because they were not fairly presented to state courts. (Doc. 7 at 18.) Davis does not address this issue.

Davis raised each of his three habeas claims in the state courts. (*See* Doc. 7-1, Exs. 10, 13.) But he did not cite in his state appellate brief any federal constitutional law, or any case, state or federal, that might have alerted the court to the alleged federal nature of the claims. Nor did he employ any language that might have indicated the assertion of federal constitutional claims. The claims are procedurally defaulted. *See Baldwin,* 541 U.S. at 32 ("[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.").

Furthermore, Davis does not offer any argument regarding either the cause for, or prejudice resulting from, his procedural default of the claims. Nor does he contend that he is actually innocent to excuse his procedural default.

## V. COGNIZABILITY

Respondent further argues that each of Davis' grounds for relief must be denied because they are not cognizable in habeas corpus. (Doc. 7 at 17-18, 25.) "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or

treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241). *See also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."); *Engle v. Isaac,* 456 U.S. 107, 121 n.21 (1982) ("We have long recognized that a 'mere error of state law' is not a denial of due process." (citation omitted)).

A.  Grounds One and Two: *Inconsistent Verdicts*

In Davis' first two grounds for relief, he argues that his convictions for felony murder and aggravated robbery are "inconsistent," because the jury did not find him guilty of the attendant firearm specifications. Specifically, he alleges that, under Ohio law, the jury improperly convicted him of aggravated robbery when it did not convict him of possessing a weapon, and therefore improperly convicted him of felony murder when he did not commit the predicate offense of aggravated robbery. (*See* Doc. 9 at 9, 12-13.)

Claims challenging inconsistent verdicts are not cognizable on federal habeas review, as they involve questions of state law. *See, e.g., Cunningham v. Palmer*, No. 2:09-CV-12553, 2010 WL 891152, at *5 (E.D. Mich. March 10, 2010) ("Any alleged inconsistency in a state court verdict is . . . a non-cognizable claim on federal habeas review."); *Allen v. Curtin*, No. 1:06-CV-241, 2009 WL 4730765, at *11 (W.D. Mich. July 20, 2009) (same). *See also Harris v. Rivera*, 454 U.S. 339, 345 (1981) ("Inconsistency in a verdict is not a sufficient reason for setting it aside."); *Freeman v. Lebanon Corr. Inst. Superintendent*, No. 98-3784, 1999 WL 801573, at *2 (6th Cir. Sept. 28, 1999) ("Nonetheless, it is noted that mere inconsistency in a jury's

verdict does not warrant habeas corpus relief in any event."). The Ohio court of appeals determined that Davis' verdicts were consistent under Ohio law. *Davis*, 2013 WL 6212230, at *7. A federal habeas court cannot disturb that judgment. Thus, Davis' grounds one and two are both procedurally defaulted and not cognizable on habeas review, and this Court will not review them on the merits.

B.    Ground Three: *Sufficiency of the Evidence / Manifest Weight of the Evidence*

Davis' third ground for relief asserts that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. (Doc. 10-3 at 6.) It is well-settled, however, that claims regarding the manifest weight of the evidence are based on state law, which federal habeas courts may not review. *See, e.g., Walker v. Engle*, 703 F.2d 959, 969 (6th Cir. 1983) (The Due Process Clause does not provide relief for defendants whose convictions are against the manifest weight of the evidence, but only for those convicted without sufficient proof to allow a finding of guilt beyond a reasonable doubt). Accordingly, in addition to being procedurally defaulted, to the extent that this claim alleges that Davis' convictions were against the manifest weight of the evidence, the claim is not cognizable on habeas. The Court, therefore, will not review the merits of this claim.[1]

---

[1] Even if this claim were ripe for federal habeas review, and to the extent Davis' ground three asserts a sufficiency-of-the-evidence claim, the claim would fail. In considering habeas sufficiency claims, courts examine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

## V.  RECOMMENDATION

Davis' petition for a writ of habeas corpus (Doc. 1) should be denied.


Dated:   May 25, 2016                        /s/ Kenneth S. McHargh
                                             Kenneth S. McHargh
                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).  Davis argues here, as he did in state court, that the fact that the jury rendered inconsistent verdicts by acquitting him on the firearm specifications demonstrates that the State produced insufficient evidence to support his convictions.  *Davis*, 2013 WL 6212230, at *2.  (Doc. 9 at 16.)  This Court agrees with the Ohio appellate court, however, that Davis' convictions for felony murder and aggravated robbery were supported by sufficient evidence.  *See id*. at **2-3.  Under the State's theory of complicity, it needed only to show that Davis aided or abetted Carr and/or Williams in their commission of felony murder and aggravated robbery.  And Williams' testimony provided sufficient evidence for a rational juror to have found that Davis aided Carr and Williams in their commission of the crimes.  *Id*.